UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
-------------------------------------------------------------------------- X

EUGENE BROWN,

                                 Plaintiff,

      -against-

THE CITY OF NEW YORK, POLICE OFFICER CHRISTOPER
PADIN (Shield # 29578), POLICE OFFICER SHAWN NIGRO
(Shield # 20998), POLICE OFFICERS JOHN DOE #1-2,

                                Defendants.
-------------------------------------------------------------------------X

Index No.: 16 CV 401

**AMENDED
COMPLAINT AND
JURY DEMAND**

(NG)(RML)

## INTRODUCTORY STATEMENT

     1.    The plaintiff, EUGENE BROWN, brings this action under 42 U.S.C. Sec. 1983

and related state laws seeking compensatory and punitive damages and attorney's fees under 42

U.S.C. Sec. 1988 for the defendants' violation of their rights afforded by the United States and

New York Constitutions and under the laws of the State of New York.

     2.    Defendants, CITY OF NEW YORK, POLICE OFFICER CHRISTOPER PADIN

(Shield # 29578), POLICE OFFICER SHAWN NIGRO (Shield # 20998), POLICE OFFICERS

JOHN DOE #1-2, being employees of the New York City Police Department, respectively,

violated plaintiff's civil rights without just and probable cause, causing him physical harm, and

emotional and economic loss.

## JURISDICTION

     3.    The Court has jurisdiction over plaintiff's claims under 42 U.S.C. Sec. 1983

pursuant to 28 U.S.C. Sec. 1331 and Sec. 1342(3).

     4.    The Court has supplemental jurisdiction over plaintiff's state law claims pursuant

to 28 U.S.C. Sec. 1367.

5.     Prior to commencement of this action and within 90 days of occurrence herein, on September 14, 2015, plaintiff served a Notice of Claim in writing, upon the defendant, the City of New York, in accordance with Section 50(e) of the General Municipal Law.

6.     A hearing was held pursuant to Section 50(h) of the General Municipal Law on December 15, 2015, and this case has not been settled or adjusted.

7.     This action was commenced within one year and ninety days of the occurrence complained of herein that gave rise to plaintiff's injuries and plaintiff has complied with all of the prerequisites for bringing this action.

**PARTIES**

8.     Plaintiff  is a resident of the County of Kings, City and State of New York.

9.     Defendant THE CITY OF NEW YORK is a municipal corporation duly organized and existing under and by virtue of the laws of the State of New York, and as such is responsible for the practices, policies and customs of the New York City Police Department, as well as the hiring, screening, training, supervising, controlling and disciplining of those persons employed by the New York City Police Department.

10.     Defendants POLICE OFFICER CHRISTOPER PADIN (Shield # 29578), POLICE OFFICER SHAWN NIGRO (Shield # 20998), POLICE OFFICERS JOHN DOE #1-2, are being sued herein both in their individual and official capacities, are and were at all times hereinafter mentioned, and particularly on or about July 1, 2015, employed by the City of New York.

11.     Defendants were at all times acting under color of state law, to wit, under color of the statutes, ordinances, customs, policies and/or practices of the State of New York and/or the City of New York and defendants were also acting within the scope of and in furtherance of their employment.

## FACTUAL ALLEGATIONS

12.     On or about July 1, 2015, at approximately 6:00 p.m., the plaintiff EUGENE BROWN was standing outside of his motor vehicle which was legally parked on 36th Street between Surf Avenue and Mermaid Avenue in the County of Kings, City and State of New York.

13.     The plaintiff then observed Police Officers John Doe #1 and #2 (hereinafter referred to as PO #1 and PO#2 respectively) pull up in an unmarked van behind his motor vehicle.

14.     Defendant PO #1 exited the police van and approached the plaintiff and without reason told him to sit back down in his vehicle.

15.     Defendant PO #1 then asked the plaintiff without reason to produce his identification.

16.     Plaintiff produced his identification.

17.     The plaintiff then observed POLICE OFFICER CHRISTOPER PADIN and POLICE OFFICER SHAWN NIGRO (hereinafter referred to as PO "Padin" and PO "Nigro" respectively) pull up in a marked police vehicle behind his motor vehicle.

18.     Defendant PO Padin exited the police vehicle and approached plaintiff, who was sitting in his vehicle.

19.      Defendant PO Padin ordered plaintiff to get out of his vehicle.

20.     Plaintiff got out of his vehicle.

21.     Defendant PO Padin ordered plaintiff to put his wallet on top of the car.

22.     While plaintiff was putting his wallet on top of the car, defendant PO Padin suddenly and without warning grabbed plaintiff and slammed plaintiff's head into the top of plaintiff's vehicle.

23.     After defendant PO Padin slammed plaintiff's head into the top of plaintiff's vehicle, defendant PO Padin told plaintiff that he was under arrest in that he had an outstanding warrant.

24.     At no time prior to slamming plaintiff's head into the top of the vehicle did defendant PO Padin inform plaintiff that he had an outstanding warrant and that he was under arrest.

25.     Plaintiff's outstanding warrant was an $80 surcharge owed on a driving with a suspended license infraction.

26.     After slamming plaintiff's head into the top of plaintiff's vehicle, defendant PO Padin informed plaintiff that he was under arrest.

27.     Plaintiff did not resist arrest in any manner.

28.     Defendant PO Padin then rear- handcuffed plaintiff and placed him in the unmarked police van.

29.     Plaintiff said to defendant PO Padin and defendant PO Nigro that the handcuffs were too tight, and asked if they could be loosened.

30.     Defendant PO Padin and defendant PO Nigro told plaintiff to "shut the fuck up."

31.     While plaintiff was transported to the precinct with his wrists tightly handcuffed behind him, plaintiff's back was injured.

32.     Plaintiff was released from custody the next day and immediately sought medical treatment at Coney Island Hospital in Brooklyn, New York for injuries he suffered to his head and back.

33.     Plaintiff was diagnosed at Coney Island Hospital with a brain hemorrhage.

## AS AND FOR A FIRST CAUSE OF ACTION –
## VIOLATION OF CIVIL RIGHTS

34.     Plaintiff repeats and reiterates all of the allegations contained in paragraphs 1 through 33 as if fully set forth herein.

35.     As a direct and proximate result of the defendants' actions, plaintiff was deprived of rights, privileges and immunities secured to them under the Constitution and laws of New York and the United States, including, but not limited to their rights under the Fourth, Eighth and Fourteenth Amendments and 42 U.S.C. 1983 to be secure in their person, to be free from unreasonable searches and seizures, to be free from malicious prosecution, false arrest and false imprisonment and punishment without due process and to equal protection of the laws.

36.     As a result of the aforesaid violation of plaintiff's rights, he sustained injuries and damages previously described in this complaint.

37.     As a result of the foregoing, plaintiff seeks compensatory damages in the amount that exceeds the minimal jurisdiction of this Court from all defendants.

## AS AND FOR A SECOND CAUSE OF ACTION –
## NEGLIGENCE

38.     Plaintiff repeats and reiterates all of the allegations contained in paragraphs 1 through 37 as if fully set forth herein.

39.     The defendants, their agents, servants or employees acted negligently, carelessly and recklessly in arresting and prosecuting the plaintiff.

40.     As a result of the aforesaid, plaintiffs sustained the injuries and damages previously described in this complaint.

41.     As a result of the foregoing, plaintiff seeks compensatory damages in the amount that exceeds the minimal jurisdiction of this Court from all defendants.

## AS AND FOR A THIRD CAUSE OF ACTION –
## NEGLIGENT RETENTION AND NEGLIGENT HIRING

42.     Plaintiff repeats and reiterates all of the allegations contained in paragraphs 1 through 41 as if fully set forth herein.

43.     The defendants, their agents, servants or employees acted negligently, carelessly and recklessly in hiring and/or retaining the individually named defendants in that said individual defendants were or should have been known to be employees who abused and misused their position, who gave false information, or who acted intentionally and/or recklessly toward the public.

44.     As a result of the aforesaid, plaintiff sustained the injuries and damages previously described in this complaint.

45.     As a result of the foregoing, plaintiff seeks compensatory damages in the amount that exceeds the minimal jurisdiction of this Court from all defendants.

## AS AND FOR A FOURTH CAUSE OF ACTION –
## INTENTIONAL INFLICTION OF EMOTIONAL DISTRESS

46.     Plaintiff repeats and reiterates all of the allegations contained in paragraphs 1 through 45 as if fully set forth herein.

47.     The actions of the defendants in arresting the plaintiff who they knew or should have known was not guilty of a crime, were outrageous and beyond any norms acceptable to society.

48.     As a result of the aforesaid, plaintiff sustained injuries and damages previously described in this complaint.

49.     As a result of the foregoing, plaintiff seeks compensatory damages in the amount that exceeds the minimal jurisdiction of this Court from all defendants.

### AS AND FOR A FIFTH CAUSE OF ACTION –
### FALSE ARREST AND FALSE IMPRISONMENT

50.     Plaintiff repeats and reiterates all of the allegations contained in paragraphs 1 through 49 as if fully set forth herein.

51.     At no time did plaintiff commit any act or offense for which an arrest may be lawfully made.

52.     The false criminal charges, false arrest and wrongful imprisonment were without any legitimate cause or justification, were intentional, malicious, reckless and in bad faith.

53.     As a result of the aforesaid, plaintiff sustained injuries and damages previously described in this complaint.

54.     As a result of the foregoing, plaintiff seeks compensatory damages in the amount that exceeds the minimal jurisdiction of this Court from all defendants.

WHEREFORE, plaintiff demands in each of the first through fifth causes of action along with punitive damages in the amount that exceeds the minimal jurisdiction of this Court and attorney's fees, together with the costs and disbursements of this action.

Dated: New York, New York
       August 2, 2016

Michael B. Ronemus (4909)
**RONEMUS & VILENSKY**
Attorneys for Plaintiff(s)
112 Madison Avenue, 2nd Floor
New York, New York 10016
(212) 779-7070